IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID ERIC ALLEN : CIVIL ACTION
:
v. :
:
JEROME WALSH, et al. : NO. 10-3052

MEMORANDUM

McLaughlin, J.                                          December 7, 2010

Before the Court is the petition of David Eric Allen, a state prisoner, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 13, 2001, David Eric Allen was sentenced to three-to-six years imprisonment following a conviction for possession of cocaine with intent to deliver. The petitioner did not file a direct appeal. While on parole, the petitioner was arrested on unrelated charges and on April 26, 2007, the petitioner was sentenced to seven-to-fourteen years for the separate offense. Pet'r's Objections to the Report and Recommendation, Ex. "Sentence Status Summary". The petitioner's parole was revoked and his original sentence for the drug conviction, set to expire on December 13, 2007, was modified to expire on January 26, 2008 as a result of backtime.[1]  Id.

---

[1] The respondents originally identified December 13, 2007, as the date when the sentence expired. The respondents have clarified that this date was in error. The petitioner served backtime, which delayed the expiration of his sentence to January 26, 2008. Resp't's Resp. to Order dated Dec. 6, 2010, at 1.

On January 24, 2008, the petitioner filed a petition attacking his drug conviction under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541, and filed a second PCRA petition on April 21, 2009. The petitions were dismissed on June 4, 2008, and December 1, 2009, respectively. The petitioner filed the instant § 2254 petition for federal habeas relief on July 26, 2010, alleging constitutional errors with regard to his drug conviction.

The petition was referred to a Magistrate Judge for a report and recommendation ("report"), which was issued on October 28, 2010. The report concludes that the petitioner's claims must be dismissed because the petitioner is not currently "in custody" for the drug conviction under attack, nor was he "in custody" when he filed the habeas petition on July 26, 2010. In the alternative, the report concludes that the petition must be dismissed as time-barred by the one year statute of limitations, set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). Although the Court agrees with the report's conclusion, it does not agree with all of its reasoning.

Under 28 U.S.C. § 2254, a petitioner may only seek federal habeas relief if he is "in custody" in violation of the Constitution or federal law. 28 U.S.C. § 2254(a); Lackawanna Cnty. Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001). A

petition for habeas relief "generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005). When Mr. Allen filed his § 2254 petition on July 26, 2010, his original sentence had already expired, and therefore the report concludes that the petitioner was no longer "in custody."

The Court disagrees with the report's conclusion that the petitioner is not "in custody" for purposes of § 2254(a). In Garlotte v. Fordice, 515 U.S. 39 (1995), the Supreme Court held that a petitioner was still "in custody" for purposes of § 2254 despite the fact that he was no longer incarcerated for the conviction he sought to attack, but rather was serving sentences consecutive to those already served. The Supreme Court reasoned that invalidation of the sentence that ran first in the series could advance the release date from subsequent sentences, and therefore the petition was not moot. Id. at 46-47.

The Court of Appeals for the Third Circuit extended Garlotte to a case where a prisoner sought habeas review of a robbery sentence, but did not file his habeas petition until he had completed his robbery sentence and was serving a sentence for an unrelated sex offense. DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005). The Court of Appeals concluded that, because the

3

petitioner was required to serve the remainder of his armed robbery sentence before commencing his sex offense sentence:

> The effect of any error as to the former was to delay the start of the latter. Thus, because any remedy we grant [petitioner] might affect his release date for the sentence he is currently serving ... [petitioner]'s habeas petition is not moot.

Id.

The Court finds DeFoy to be controlling. When he filed his § 2254 petition, Mr. Allen was incarcerated for a separate offense, for which he had been convicted before his original drug sentence had expired. The petitioner was required to serve the remainder of his drug sentence before commencing his sentence for the separate offense. Therefore, a successful attack on the drug conviction could advance the petitioner's release date from his subsequent sentence. The Court therefore concludes that the petitioner is "in custody" for purposes of § 2254. See DeFoy, 393 F.3d at 442.

Nonetheless, the Court agrees with the report's conclusion that the petitioner's claims must be dismissed as time-barred. A one-year limitations period on the filing of habeas petitions is set forth in 28 U.S.C. § 2244(d)(1), which provides:

> A 1-year period of limitation shall apply to an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –

4

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The petitioner has not alleged an impediment created by state action that prevented him from filing a timely habeas petition. Moreover, none of the petitioner's claims involve rights newly recognized by the United States Supreme Court. Finally, the petitioner has failed to articulate a factual predicate underlying his claims that could not have been discovered earlier through due diligence. Therefore, the Court must look to the date on which the judgment became final. The petitioner was sentenced on December 13, 2001. The petitioner had thirty days to file a direct appeal, but failed to do so, and therefore direct review ended on January 12, 2002. The petitioner thus had until January 12, 2003, to file a

petition for habeas relief.  Because the petition was not filed until July 26, 2010, it must be dismissed as untimely.[2]

For the foregoing reasons, the Court will adopt the Magistrate Judge's report and recommendation, with the exceptions noted above, and will overrule the petitioner's objections thereto.  Mr. Allen's petition for a writ of habeas corpus is therefore denied and dismissed.

An appropriate order shall issue separately.

---

[2]The Court also agrees that the petitioner's claims are not subject to equitable tolling.  Equitable tolling is appropriate in three circumstances: (1) if the defendant actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  The petitioner has not argued that any of these circumstances prevented him from filing his habeas petition by January 12, 2003.